Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| BRANDON CALLIER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CD MARKETING LLC d/b/a RPM Tax Advisors, a Texas limited liability company,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:25-cv-00228<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against CD MARKETING LLC d/b/a RPM Tax Advisors ("Defendant" or "RPM") to stop its illegal practice of placing unsolicited phone calls that play an artificial or prerecorded voice message, and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

1. Defendant RPM is a tax debt relief company. As a part of their marketing, Defendant placed thousands of unsolicited phone calls that played an artificial or prerecorded voice message to solicit new business.

2. Defendant did not obtain prior express written consent and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By placing phone calls that play artificial or prerecorded voice messages, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal phone calls, as well as award actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff BRANDON CALLIER is a natural person residing in El Paso, Texas.

8. Defendant CD MARKETING LLC is a limited liability company organized and existing under the laws of Texas.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

10. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating phone calls to be sent to Plaintiff in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

12. Defendant RPM Tax Advisors is a tax debt relief company.

13. As part of their marketing, Defendant places phone calls to thousands of phone numbers and plays an artificial or prerecorded voice message.

14. Defendant placed multiple unsolicited phone calls soliciting Plaintiff and the putative class for its clients' services.

15. Defendant failed to obtain consent from recipients.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. On May 1, 2025, Plaintiff received a call from Defendant that played an artificial or prerecorded voice message soliciting tax debt relief.

17. On May 30, 2025, Plaintiff received four additional calls from Defendant that played an artificial or prerecorded voice message soliciting tax debt relief.

18. On June 23, 2025, Plaintiff received another call from Defendant that played an artificial or prerecorded voice message soliciting tax debt relief.

19. Plaintiff did not give his prior express written consent to receive any of the calls.

20. None of the calls were made to Plaintiff for emergency purposes.

21. Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

22. Defendant has knowledge of and has adopted and maintained TCPA violations as a sales strategy.

23. Defendant is not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to make telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

24. Defendant does not qualify for an exemption under § 302.053.

25. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, depleted Plaintiff's cell phone battery, used internal and network resources, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant placed call(s) to the person's phone number.
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant placed call(s) to the person's phone number.

27. The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the phone calls were caused by Defendant;

b. Whether Defendant obtained written express consent prior to placing the phone calls;

c. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the

individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice Messages**
**(On behalf of Plaintiff and the TCPA Class)**

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

36. The calls played an artificial or prerecorded voice message.

37. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

38. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

39. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violations of The Texas Business and Commerce Code § 305.053**
**(On behalf of Plaintiff and the Texas Subclass)**

40. Plaintiff incorporates the foregoing allegations as if set forth herein.

41. The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Business and Commerce Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's

cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq.

42. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendant, but Defendant did not respond.

43. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Business and Commerce Code 305.053(b).

44. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Business and Commerce Code § 305.053(c).

**THIRD CAUSE OF ACTION**
**Violations of Texas Business and Commerce Code 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass)**

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. Defendant made telemarketing calls to Plaintiff without having a valid telephone registration certificate as required under Tex. Bus. Com. Code 302.101.

47. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

48. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendant, but Defendant did not respond.

49. As a result of Defendant's violations of Tex. Bus. and Com. Code 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BRANDON CALLIER, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA, and § 302.101 and § 305.053 of the Texas Business and Commerce Code;

C. An order declaring that Defendant's conduct was willful and knowing;

D. An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

E. An award of $1,500 in statutory damages arising from each violation of the Texas Business and Commerce code § 305.053;

F. An award of $5,000 in statutory damages arising from each violation of the Texas Business and Commerce code § 302.101;

G. An injunction requiring Defendant to cease all unlawful phone calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 24, 2025

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*